UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JESSE FRANK DIAZ, | § § § | |
| Plaintiff, | § § | |
| v. | § § | SA-24-CV-797-FB (HJB) |
| RAYMOND ESHAGHIAN, ET AL., | § § § | |
| Defendants. | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns the status of the above case, which has been referred to the undersigned for consideration of pretrial matters pursuant to 28 U.S.C. § 636(b). (*See* Docket Entry 3.) For the reasons set out below, I recommend that the case be **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the grounds for the court's jurisdiction." FED. R. CIV. P. 8(a)(1). Jurisdiction cannot be assumed; rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted); *see also MidCap Media Fin., LLC v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) ("Because federal courts have limited jurisdiction, parties must make 'clear, distinct, and precise affirmative jurisdictional allegations' in their pleadings.") (quoting *Getty Oil Corp.*, 841 F.2d at 1259). And if the Court

determines, at any time, that it lacks subject-matter jurisdiction, it "must dismiss the action." FED. R. CIV. P. 12(h)(3).

Proceeding *pro se,* Plaintiff initiated this action on July 18, 2024, by filing a document entitled "Affidavit of Motion to Void Fraudulent Transfer and Assignment of Lien, etc." (Docket Entry 1.)  The undersigned construed the document as a complaint, and issued an order requiring Plaintiff to show cause why the case should not be dismissed for lack of jurisdiction. (Docket Entry 4.)[1]  The order noted that the civil cover sheet alleged that the case involved state-law matters brought before the Court on the basis of diversity jurisdiction, under 28 U.S.C. § 1332. (Docket Entry 1-1.)  But for diversity jurisdiction to exist, the amount in controversy must exceed $75,000, exclusive of interest and costs, and the plaintiff may not be a citizen of the same state as any defendant. 28 U.S.C. § 1332(a)(1).  Although Plaintiff's filing listed addresses in the caption (presumably for purposes of service), it made no allegation of any party's citizenship; additionally, one of the defendants is an LLC, and Plaintiff failed to allege the citizenship of its members as required to demonstrate the Court's diversity jurisdiction. *See SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 408 (5th Cir. 2023) ("To establish diversity jurisdiction in a suit by or against an LLC, a party 'must specifically allege the citizenship of every member of every LLC.'") (quoting *Settlement Funding, LLC v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017)).

Because Plaintiff proceeded *pro* se, the undersigned afforded him an opportunity to amend his complaint so as to state a plausible claim for relief over which this Court could exercise jurisdiction. (Docket Entry 4, at 2–3 (citing *Neitzke v. Williams*, 490 U.S. 319, 329 (1989)).

---

[1] The order also noted that Plaintiff's filing failed to state a plausible claim for relief. (*See id.*)  However, absent unusual circumstances not presented here, courts should consider jurisdictional issues before addressing the merits of a case. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir.1977) (per curiam).

Plaintiff filed an amended complaint on August 30, 2024. (Docket Entry 5.) Like the original complaint, however, Plaintiff's amended complaint fails to establish the jurisdiction of the Court. Although the amended complaint removes the LLC Defendant, it still fails to allege the citizenship of any of the remaining Defendants. The amended complaint again sets out addresses for Defendants in the caption of the case, but this does not suffice to establish citizenship—particularly for a corporate entity, which is a citizen of both the state of its "principal place of business" and "the state of its incorporation." *MidCap Media Fin., LLC*, 929 F.3d at 314. And even if the listed addresses could be construed as an allegations of citizenship, Plaintiff listed Texas addresses both for himself and one of the individuals named as Defendants, which would destroy diversity. (Docket Entry 5, at 1.) For all these reasons, Plaintiff's allegations fail to establish the Court's jurisdiction under § 1332.

Plaintiff's amended complaint also fails to establish federal question jurisdiction under 28 U.S.C. § 1331, or any other basis upon which this Court could exercise jurisdiction. The amended complaint makes passing references to a number of federal statutory provisions, including 15 U.S.C. §§ 1635, and 1692g; 18 U.S.C. § 1001; 29 U.S.C. § 1109; 31 U.S.C. §§ 5103 and 5118; and 42 U.S.C. § 1981. (Docket Entry 5, at 2–4.) But passing references cannot establish the Court's jurisdiction: "mere conclusory reference to or recitation of a federal statute in the jurisdictional allegations" will not suffice. *Abel v. Broussard*, No. 06–1640, 2006 WL 8456324, at *2 (E.D. La. June 1, 2006) (quoting Wright & Miller, Federal Practice and Procedure, § 1210 at 146); *see also MW Builders of Tex., Inc. v. City of Wichita Falls,* No. 7:08-CV-192-O, 2009 WL 2365443, at *2 (N.D. Tex. July 31, 2009) (same).

Because Plaintiff has again failed to establish the court's jurisdiction over his case, I recommend that Plaintiff's case be **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 12(h)(3).

**Notice of Right to Object**

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this Report and Recommendation must be filed within **fourteen (14) days** after being served with a copy of the same, unless this time period is modified by the District Court. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

The parties shall file any objections with the Clerk of the Court and serve the objections on all other parties. Absent leave of Court, **objections are limited to twenty (20) pages in length**. An objecting party must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; "[f]rivolous, conclusory, or general objections can be ignored." *See Croy v. United States*, 697 F. Supp. 3d 653, 662 (W.D. Tex. 2023) (Moses, C.J.) (citing *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987)).

A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the party from a *de novo* review by the District Court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking

4

on appeal the unobjected-to, proposed findings and conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED** on September 6, 2024.

_____
Henry J. Bemporad
United States Magistrate Judge