IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JESSE FRANK DIAZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. SA-24-CV-797-FB |
| | § | |
| RAYMOND ESHAGHIAN, GREEN | § | |
| LOANS, INC., *ET AL.*, | § | |
| | § | |
| Defendant. | § | |

## ORDER ACCEPTING REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

The Court has considered the Report and Recommendation of United States Magistrate Judge filed in the above-captioned cause on September 6, 2024 (docket #6), concerning whether subject matter jurisdiction exists in this case and the recommendation that the case be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) because subject matter jurisdiction is lacking.[1]  According to the CM/ECF system, the Report and Recommendation was mailed by certified mail to the Plaintiff on September 10, 2024 (docket #7), and electronically transmitted to the Plaintiff by email on September 17, 2024.  In addition, the Court has tracked the certified mail sent through the United States Postal Service through the USPS website last visited on October 7, 2024, and finds that the certified mail was returned to the Office of the Clerk of Court on October 7, 2024, as unclaimed after a notice was left for the Plaintiff on September 13, 2024, and a reminder to reschedule delivery was given on September 18, 2024.  To date, the docket reflects no objections to the Report and Recommendation have been received.[2]

---

[1]  Rule 12(h)(3) of the Federal Rules of Civil Procedure provides:  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

[2]  Any party who desires to object to a Magistrate's findings and recommendations must serve and file his, her or its written objections within fourteen days after being served with a copy of the findings and recommendation.  28 U.S.C. § 635(b)(1).  If service upon a party is made by mailing a copy to the party's last known address, "service is complete upon mailing ."  FED. R. CIV. P. 5(b)(2)(C).  If service is made by electronic means, "service is complete upon transmission."

Because no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.").  The Court has reviewed the Report and finds its reasoning to be neither clearly erroneous nor contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918 (1989).  The Recommendation shall therefore be accepted pursuant to 28 U.S.C. § 636(b)(1) such that Plaintiff's case shall be DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).

Accordingly, it is hereby ORDERED that the Report and Recommendation of United States Magistrate Judge filed in this cause on August 6, 2024 (docket #36), is ACCEPTED pursuant to 28 U.S.C. § 636(b)(1) such that Plaintiff's case is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3).

IT IS FURTHER ORDERED that motions pending, if any, are also DISMISSED, and this case is now CLOSED.

It is so ORDERED.

SIGNED this 7th day of October, 2024.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE

---

*Id*. at (E).  When the mode of service is by electronic means, three days are no longer added to the time period to act after being served. *See Heverling v. McNeil Consumer Pharmaceuticals, Co.*, Civil Action No. 1:17-CV-1433, 2018 WL 1293304 at *2 n.3 (M.D. Pa. Mar. 13, 2018) ("On April 28, 2016, the Supreme Court adopted changes to the Federal Rules of Civil Procedure.  In pertinent part, the Court amended Rule 6(d) to remove 'electronic means' as a mode of service triggering an additional three days to act when a responsive period commences upon service. *See* FED. R. CIV. P. 6, advisory committee's note to 2016 amendment.  The amendments took effect on December 1, 2016.").